UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY KYLE PRINCE,

        Petitioner,

v.                                     Case No. 13-cv-11594
                                            HONORABLE AVERN COHN

CINDI CURTIN,

        Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION
TO HOLD THE HABEAS PETITION IN ABEYANCE (Doc. 7)
AND
DENYING AS MOOT PETITIONER'S
APPLICATION TO PROCEED IN FORMA PAUPERIS,
AND
VACATING THE ORDER FOR RESPONSIVE PLEADING,
AND
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Timothy Kyle Prince is

challenging his Macomb County convictions for first-degree murder, kidnapping, armed

robbery, and arson.  He seeks habeas corpus relief on grounds that the pretrial

identification procedures were suggestive, the prosecutor committed misconduct, and

certain evidence was inadmissible at trial.  Respondent's answer to the habeas petition

currently is due on October 14, 2013.

Before the Court are Petitioner's motion to hold his habeas petition in abeyance

and his application to proceed in forma pauperis.  In his motion to hold the habeas

petition in abeyance, Petitioner states that he wants to file a post-conviction motion in

state court, raising the following additional grounds for relief from judgment:  (1) the trial

court excluded exculpatory evidence; (2) the prosecutor withheld exculpatory evidence,

used false testimony, relied on evidence not in the record, and altered evidence; (3)

appellate counsel was ineffective; and (4) the police committed misconduct.

II.

The doctrine of exhaustion of state remedies requires state prisoners to fairly

present all their claims to the state courts before raising their claims in a federal habeas

corpus petition.  See 28 U.S.C. § 2254(b)(1) and § 2254(c); O'Sullivan v. Boerckel, 526

U.S. 838, 842, 845 (1999).  "Fair presentation" means that state prisoners must present

the factual and legal basis for each issue to the state court of appeals and to the state

supreme court before raising their claims in a federal habeas corpus petition.  Wagner

v. Smith, 581 F.3d 410, 414-15 (6th Cir. 2009).  Federal courts ordinarily must dismiss a

habeas petition containing any claims that have not been exhausted in state court.

Rose v. Lundy, 455 U.S. 509, 510, 522 (1982).

A dismissal of this case while Petitioner exhausts additional state remedies could

preclude future consideration of Petitioner's claims due to the expiration of the one-year

statute of limitations.  See 28 U.S.C. § 2244(d).  Under the "stay-and-abeyance"

approach adopted by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005),

federal courts may hold a habeas petition in abeyance while the inmate returns to state

court to pursue remedies for his or her unexhausted claims.  Id. at 275.  After the state

court completes its review of the inmate's claims, the federal court can lift its stay and

allow the inmate to proceed in federal court.  Id. at 275-76.  Stay and abeyance are

permissible when (1) there was good cause for the petitioner's failure to exhaust his

claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3)

the petitioner is not engaged in abusive litigation tactics or intentional delay. Id. at 277-

78.

Petitioner is not engaged in abusive litigation tactics, and his unexhausted claims

regarding the trial court, the prosecutor, appellate counsel, and the police are not plainly

meritless. Further, he implies that his appellate attorney was "cause" for his failure to

raise all his claims on direct appeal. Thus, it is not an abuse of discretion to hold the

habeas petition in abeyance while Petitioner pursues additional state remedies.

III.

Accordingly, Petitioner's motion to stay these proceedings and hold his habeas

petition in abeyance is **GRANTED**, and the order requiring a responsive pleading by

October 14, 2013 (Doc. 4) is **VACATED**.

This stay is conditioned on Petitioner filing a motion for relief from judgment in

state court within **sixty (60) days** of the date of this order if he has not already done so.

Following exhaustion of state remedies, Petitioner may file an amended habeas corpus

petition and a motion to re-open this case. An amended petition and motion to re-open

this case shall use the same caption and case number that appear on this order and

shall be filed within **sixty (60) days** of exhausting state remedies.

The Clerk of the Court shall close this case for administrative purposes. This

administrative closing shall not be construed as a dismissal or adjudication of

Petitioner's claims.

Petitioner's application to proceed in forma pauperis (Doc. 8) is **DENIED** as

moot.  Petitioner was granted leave to proceed in forma pauperis when he filed his

habeas petition, and there is no filing fee for his motion to hold this case in abeyance.

**SO ORDERED**.


　S/Avern Cohn　　　　　　　　　　　
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  August 14, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, August 14, 2013, by electronic and/or ordinary mail.


　S/Sakne Chami　　　　　　　　
Case Manager, (313) 234-5160